# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.

MICHAEL J. MCCLURE
   a/k/a "Diamond Daddy"

INDICTMENT

3:21-cr-00051/TKW

**THE GRAND JURY CHARGES:**

## COUNT ONE

### A. INTRODUCTION

At all times material to this Indictment:

1. The "Internet" is a worldwide, publicly accessible series of interconnected computer networks that transmit data for the purpose of sharing information across state and international borders.

2. An "Internet service provider" (ISP) is a commercial or business service that provides Internet access to its subscribers.

3. "Kik" is an instant message application for mobile devices that uses Internet wireless fidelity to transmit text messages, images, and videos.

4. A "posting" is a message published in an online forum or chat group. It may be comprised of text messages, images, and videos.

Returned in open court pursuant to Rule 6(f)

8/18/2021
Date

[signature]
United States Magistrate Judge

FILED USDC FLND PN
AUG 19 '21 PM3:55

### B. THE CHARGE

Between on or about September 1, 2020, and on or about July 29, 2021, in the Northern District of Florida and elsewhere, the defendant,

### MICHAEL J. MCCLURE,
### a/k/a "Diamond Daddy,"

did knowingly and willfully engage in a child exploitation enterprise, that is, the production, distribution, receipt, and possession of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), in interstate and foreign commerce by means of a computer and mobile device, as a series of three or more separate incidents, and involving more than one victim, in concert with three or more other persons.

All in violation of Title 18, United States Code, Section 2252A(g).

### COUNT TWO

### A. THE CHARGE

Between on or about September 1, 2020, and on or about July 29, 2021, in the Northern District of Florida and elsewhere, the defendant,

### MICHAEL J. MCCLURE,
### a/k/a "Diamond Daddy,"

did knowingly and willfully combine, conspire, confederate, and agree with others to commit the following offenses against the United States:

1. To knowingly distribute, and attempt to distribute, material containing child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that had been shipped and transported using any means and facility of interstate and foreign commerce, in violation of Title 18, United States Code, Section 2252A(a)(2);

2. To knowingly receive, and attempt to receive, material containing child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that had been shipped and transported using any means and facility of interstate and foreign commerce, in violation of Title 18, United States Code, Section 2252A(a)(2); and

3. To knowingly possess, and attempt to possess, material containing child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that involved a prepubescent minor and a minor who had not attained 12 years of age, that had been shipped and transported using any means and facility of interstate and foreign commerce, in violation of Title 18, United States Code, Section 2252A(a)(5).

**B. MANNER AND MEANS OF CONSPIRACY**

It was part of the conspiracy that:

1. From on or about September 1, 2020, through on or about July 29, 2021, **MICHAEL J. MCCLURE**, along with other unindicted conspirators, was a

participant in a Kik messaging group that distributed, received, possessed, and discussed child pornography images and videos.

2. The participants operated anonymously within a Kik messaging group by using anonymous usernames and icons in order to avoid detection.

3. The participants posted child pornography images and videos within Kik for the benefit of other like-minded participants.

4. **MICHAEL J. MCCLURE** was an administrator of a Kik messaging group involving the above stated activities.

All in violation of Title 18, United States Code, Sections 2252A(b)(1) and 2252A(b)(2).

## COUNT THREE

Between on or about September 1, 2020, through on or about July 29, 2021, in the Northern District of Florida and elsewhere, the defendant,

**MICHAEL J. MCCLURE,**
**a/k/a "Diamond Daddy,"**

did knowingly and intentionally use, persuade, induce, and entice a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and this depiction was transported and transmitted in interstate and foreign commerce and produced using materials that had been shipped and transported in interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 2251(a) and 2251(e).

## COUNT FOUR

Between on or about September 1, 2020, and on or about July 29, 2021, in the Northern District of Florida and elsewhere, the defendant,

**MICHAEL J. MCCLURE,
a/k/a "Diamond Daddy,"**

did knowingly distribute, and attempt to distribute, material containing child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), using any means and facility of interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 2252A(a)(2) and 2252A(b)(1).

## COUNT FIVE

Between on or about September 1, 2020, and on or about July 29, 2021, in the Northern District of Florida and elsewhere, the defendant,

**MICHAEL J. MCCLURE,
a/k/a "Diamond Daddy,"**

did knowingly receive, and attempt to receive, material containing child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that had been shipped and transported using any means and facility of interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 2252A(a)(2) and 2252A(b)(1).

## COUNT SIX

On or about July 29, 2021, in the Northern District of Florida, the defendant,

**MICHAEL J. MCCLURE,**
**a/k/a "Diamond Daddy,"**

did knowingly possess material containing child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that involved a prepubescent minor and a minor who had not attained 12 years of age, that had been shipped and transported using any means and facility of interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2).

## CRIMINAL FORFEITURE

The allegations contained in Counts One through Six of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture, pursuant to the provisions of Title 18, United States Code, Section 2253. From his engagement in the violations alleged in Counts One through Six of this Indictment, the defendant,

**MICHAEL J. MCCLURE,**
**a/k/a "Diamond Daddy,"**

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2253, all of his interest in:

    A.    Any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110 of Title 18, United States Code, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Chapter 110 of Title 18, United States Code;

    B.    Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offenses alleged in Counts One through Six of this Indictment; and

    C.    Any property, real or personal, used, or intended to be used, to commit or promote the commission of the offenses alleged in Counts One through Six of this Indictment.

    D.    The property referenced in subparagraphs A, B, and C above includes, but is not limited to, computer hardware such as monitors, central processing units, keyboards, computer programs, software, computer storage devices, such as disk drive units, disks, tapes, and hard disk drives or units, peripherals, modems and other telephonic and acoustical equipment, printers, contents of memory data contained in and through the hardware and software mentioned above, tools, equipment, and manuals and documentation for the assembly and use of the

hardware and software mentioned above.

If, as the result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

    i. cannot be located upon the exercise of due diligence;

    ii. has been transferred or sold to, or deposited with, a third person;

    iii. has been placed beyond the jurisdiction of the Court;

    iv. has been substantially diminished in value; or

    v. has been commingled with other property that cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), and by Title 28, United States Code, Section 2461(c), to seek forfeiture of any

other property of the defendant up to the value of any forfeitable property described above.

                    A TRUE BILL:

                    FOREPERSON

                    18 AUG 2021
                    DATE

JASON R. COODY  
Acting United States Attorney

DAVID L. GOLDBERG  
Assistant United States Attorney

JENNIFER H. CALLAHAN  
Assistant United States Attorney

9