[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-11253

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MICHAEL J. MCCLURE,
a.k.a. Diamond Daddy,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:21-cr-00051-TKW-1

_____

Before BRANCH, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Michael J. McClure victimized his six-year-old daughter by sending pornographic photos to an online group under the username "Diamond Daddy." McClure pleaded guilty to three criminal counts: distribution of child pornography, production of child pornography, and willfully engaging in a child exploitation enterprise. The district court calculated McClure's offense level by imposing a five-level pattern of activity enhancement for distributing child pornography on over ten occasions. The court then sentenced McClure to fifty years' confinement, varying downward from the Guidelines range of life. On appeal, McClure argues that the district court erred in imposing a five-level enhancement. We disagree and therefore affirm McClure's sentence.

## I.

McClure, under the username "Diamond Daddy," served as the administrator of a Kik Messenger group named "Petite daugh interests" containing between eighteen and twenty-five members. McClure sent pornographic images of his six-year-old daughter to the group and engaged in vile conversations with group members about abusing children. After the FBI seized McClure's phone, they discovered hundreds of pornographic images of the victim. McClure pleaded guilty to engaging in a child exploitation

enterprise, production of child pornography, and distribution of child pornography.

Central to this appeal, the district court calculated McClure's offense level by adding an enhancement: five levels for engaging in a pattern of activity involving prohibited sexual conduct when McClure "produced child sexual abuse material on at least ten separate occasions." *See* U.S.S.G. § 4B1.5(b). After the enhancement, McClure's adjusted offense level of forty-three yielded a guideline sentence range of life in prison. McClure objected to the enhancement, alleging that his charge for engaging in a child exploitation enterprise is not a "covered offense" to which the Section 4B1.5(b) enhancement applies. The district court overruled McClure's objection, maintaining the enhancement.

During sentencing, McClure requested twenty years' imprisonment (the statutory minimum sentence for the child exploitation enterprise offense) based on his lack of criminal history and his diagnosis of pedophilic disorder, among other reasons. The district court considered McClure's mitigating factors but concluded that, based on its assessment of the Section 3553(a) factors, the depravity of McClure's conduct—as a producer of child pornography, the "administrator" of the online chat group, and the father of the victim—demanded a longer sentence than the mandatory minimum. The district court then varied downward from the Guidelines, sentencing McClure to fifty years' (600 months') confinement for the child exploitation enterprise, thirty years for production of child pornography, and twenty years for distribution of child

pornography to be served concurrently: fifty years' confinement total. The district court said its fifty-year (600-month) sentence would be the same "irrespective of whether the guideline range" included the Section 4B1.5(b) pattern of activity enhancement, i.e., even if the guidelines advisory range were 292 to 365 months instead of life.

## II.

On appeal, McClure contends that the district court erred in imposing the five-level enhancement under Section 4B1.5(b). But when a district court states that it would impose the same sentence regardless of an alleged guideline error, as it did here, any error in the guideline calculation is harmless so long as the sentence imposed is substantively reasonable. *See United States v. Goldman*, 953 F.3d 1213, 1221 (11th Cir. 2020) (citing *United States v. Keene*, 470 F.3d 1347, 1349 (11th Cir. 2006)). Accordingly, we "assume the guidelines error the defendant alleges and reduce the guidelines calculation and its corresponding range accordingly." *Id.* Without the Section 4B1.5(b) enhancement, the guideline range would have advised 292 to 365 months imprisonment. We then assess "the substantive reasonableness of the sentence actually imposed," 600 months, "in light of the reduced sentencing range." *Id.*

We review the substantive reasonableness of a sentence—whether inside or outside the guidelines range—"under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). The district court is tasked with formulating a sentence

that is "sufficient, but not greater than necessary." 18 U.S.C. § 3553(a). The sentence should account for the offense's gravity, deter criminal conduct, "protect the public" from the defendant's future crimes, and rehabilitate the defendant. *Id.* § 3553(a)(2).

When a sentence is above the guidelines range, we "may consider the deviation, 'but must give due deference to the district court's decision that the [Section] 3553(a) factors, on a whole, justify the extent of the variance.'" *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (quoting *Gall*, 552 U.S. at 51). "We may vacate a sentence because of the variance only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the [Section] 3553(a) factors." *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009) (internal quotation omitted).

We are not persuaded, much less left with the "definite and firm conviction," that the district court erred in imposing a fifty-year sentence. *See id.* To be sure, fifty years (600 months) is a significant upward variance from the (assumed) guidelines range of 292 to 365 months' imprisonment. Yet, given the facts and the Section 3553(a) factors, we believe the district court reasonably concluded that a fifty-year sentence was appropriate. Specifically, the district court heavily weighed the seriousness of McClure's offense as a producer of child pornography and as the group "administrator" rather than a mere consumer or possessor. The court considered a harsher sentence necessary to adequately deter lesser child pornography-related offenses and promote respect for the law.

Finally, the district court considered particularly deplorable the position of trust that McClure betrayed as the victim's father and the lifelong harm he imposed.

We are satisfied that "the [Section] 3553(a) factors, on a whole, justify the extent of the variance." *Williams*, 526 F.3d at 1322. The district court therefore did not abuse its discretion by imposing a fifty-year sentence. We also note that we have upheld fifty-year sentences in other cases involving the production of child pornography. *See, e.g.*, *United States v. Woodson*, 30 F.4th 1295, 1307 (11th Cir. 2022) (affirming fifty-year sentence for producing pornographic images); *United States v. Beatty*, 2022 WL 1719054, at *1 (11th Cir. May 27, 2022) (per curiam) (same); *United States v. Killen,* 773 F. App'x 567, 569 (11th Cir. 2019) (per curiam) (same).

Because we determine the sentence imposed was substantively reasonable, even assuming a reduced guidelines range without the Section 4B1.5(b)(1) enhancement, "any error in the guideline calculation [wa]s harmless." *See Goldman*, 953 F.3d at 1221. Accordingly, we do not reach the issue of whether the Section 4B1.5(b)(1) was correctly imposed for McClure's child exploitation enterprise charge.

### III.

We **AFFIRM** McClure's conviction and sentence.

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

March 02, 2023

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number:  22-11253-HH
Case Style:  USA v. Michael J. Mcclure
District Court Docket No:  3:21-cr-00051-TKW-1

Electronic Filing
All counsel must file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Although not required, non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing are available on the Court's website.

Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Clerk's Office Phone Numbers
General Information            404-335-6100
New / Before Briefing Cases   404-335-6135
Cases in Briefing / After Opinion   404-335-6130
Cases Set for Oral Argument    404-335-6141
Capital Cases                  404-335-6200
Attorney Admissions            404-335-6122
CM/ECF Help Desk               404-335-6125

OPIN-1 Ntc of Issuance of Opinion